Myra Kaye HAYDEN, Appellant,

v.

AMERISTAR CASINO COUNCIL BLUFFS, INC., Employer, and Royal Insurance, Insurance Carrier, Appellees.

No. 00–1236.

Supreme Court of Iowa.

Feb. 27, 2002.

Sheldon M. Gallner and Laura L. Pattermann of Sheldon M. Gallner, P.C., Council Bluffs, for appellant.

Dennis R. Riekenberg and Janice E. Weis of Cassem, Tierney, Adams, Gotch & Douglas, Omaha, Nebraska, for appellees.

NEUMAN, Justice.

This case concerns a decision by the workers' compensation commissioner to summarily dismiss, on jurisdictional grounds, a claim filed by a casino supervisor for alleged injuries arising out of and in the course of her employment by a riverboat gambling casino. The district court affirmed the dismissal and the employee appealed. Because resolution of the controversy turns on a fact-specific inquiry not satisfied by the record made here, we reverse and remand for further proceedings.

I. Petitioner, Myra Kaye Hayden, filed an "Original Notice and Petition" with the workers' compensation commission naming her employer, Ameristar, and alleging an industrial disability. Hayden's petition recited the following facts:

> [On January 26, 1996] [c]laimant was exiting from the employee bathroom

when she slipped and fell on a metal or steel floor that was wet from mopping injuring her right knee, as a result of abnormal gait, she developed lower back pain.

Ameristar responded by moving to substitute the proper parties.[1] Pertinent to this appeal, Ameristar then moved to dismiss the action on jurisdictional grounds. It claimed that Hayden's work as a supervisor at the Ameristar Casino brought her within the definition of "seaman" under federal maritime law. The motion went on to assert that "[f]ederal maritime law, including the Jones Act, supersedes state workers' compensation laws applicable to seamen, and as such, provides the exclusive remedy for injured seamen."

Hayden resisted the motion to dismiss, claiming the boat operated by Ameristar Casino has gambling as its primary purpose and does not, therefore, pass the "primary purpose" test for determining whether Hayden's alleged injury falls under the Jones Act. Hayden also contested whether her activities were sufficiently connected to any "traditional maritime activity" so as to invoke Jones Act jurisdiction.

The deputy commissioner sustained Ameristar's motion to dismiss. The deputy determined, among other things, that Hayden's role as a casino supervisor qualified her as a "seaman" because "[s]he had a substantial employment-related connection to . . . a vessel in navigation." The vessel, the deputy found, "was fully crewed and capable of navigating on the river." From these "facts" and others like them, the deputy concluded that Hayden's exclusive remedy for workplace injuries rests with

federal maritime law, thus requiring dismissal of her state action.

The deputy's decision was affirmed on interagency review and by the district court on judicial review under Iowa Code chapter 17A (1999). This appeal by Hayden followed.

**II.** Except in situations not pertinent here, our rules of civil procedure govern contested case proceedings before the workers' compensation commission. Iowa Admin. Code r. 876 4.35(86) (2000). Ameristar's motion to dismiss, urging the workers' compensation commissioner's lack of subject matter jurisdiction, is authorized by rule of civil procedure 88(a)(1). Unlike other motions to dismiss embraced by rule 88, pre-answer jurisdictional challenges may be supported by "[a]ffidavits and other evidentiary showings." *Moyer v. City of Des Moines*, 505 N.W.2d 191, 193 n. 3 (Iowa 1993). When jurisdictional fact findings are made by the tribunal (whether agency or trial court), they enjoy the status of a jury verdict, binding on subsequent review if supported by substantial evidence. *EFCO Corp. v. Norman Highway Constructors, Inc.*, 606 N.W.2d 297, 300 n. 1 (Iowa 2000); *Johnson v. Aeroil Prods. Co.*, 255 Iowa 931, 933, 124 N.W.2d 425, 426 (1963).

**III.** The record before us contains no "evidentiary showings." Yet the jurisdictional issue before the commissioner, and now facing us, involves a "mixed question of law and fact." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 369, 115 S.Ct. 2172, 2190, 132 L.Ed.2d 314, 338 (1995); *accord Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 554, 117 S.Ct. 1535, 1540, 137 L.Ed.2d 800, 809 (1997). The facts perti-

---

1. Ameristar's motion to substitute parties merely clarified that Hayden's employer is Ameristar Casino Council Bluffs, Inc., and its insurance carrier is not NTA, Inc., as stated in the petition, but Royal Insurance of Orlando, Florida. These matters of clarification are not at issue on appeal.

nent to that inquiry, including Hayden's alleged status as a "seaman" and the alleged "maritime" nature of her employment, are hotly contested. They are not matters resolvable by reference to her petition.

Evidently the commissioner relied on assertions made and conclusions drawn in Ameristar's brief in support of its motion. But the record before us contains neither testimony nor affidavits to support those assertions or the commissioner's reliance upon them. Thus there is no substantial evidence to support the commissioner's jurisdictional ruling or the district court's subsequent affirmance of it. *See Moyer,* 505 N.W.2d at 192–93 (remanding for trial where defendants "made no evidentiary record disputing the [petition's] allegations"); *cf. EFCO Corp.,* 606 N.W.2d at 300 (affirming fact finder's jurisdictional decision based on contents of contract and testimony by corporate officer). The case must be reversed and remanded for further proceedings before the agency.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**