Benjamin E. SCHREIBER, Appellant,

v.

Norman G. BASTEMEYER, Administrator of Iowa Supreme Court Board of Professional Ethics & Conduct, Appellee.

No. 00–0325.

Supreme Court of Iowa.

May 8, 2002.

Benjamin E. Schrieber, pro se.

David J. Grace, Des Moines, for appellee.

TERNUS, Justice.

The appellant, Benjamin Schreiber, asks us to examine the district court's dismissal of his petition for judicial review. Schreiber sought to have the district court review a decision by the Iowa Supreme Court Board of Professional Ethics and Conduct that dismissed a complaint filed by Schreiber against his former attorney. Schreiber also sought damages from the board's administrator, Norman Bastemeyer. The district court's decision to dismiss Schreiber's action had two bases: the court lacked subject matter jurisdiction and the ethics administrator was immune from suit. We agree with the district court's ruling and so affirm.

## I. *Background Facts and Proceedings.*

Schreiber was formerly represented in a criminal matter by Iowa attorney Kirk Daily. (Daily has since been appointed a district associate judge.) After the criminal suit resulted in Schreiber's incarceration, Schreiber filed a complaint with the Iowa Supreme Court Board of Professional Ethics and Conduct, alleging Daily had committed professional misconduct. More specifically, Schreiber asserted Daily had a conflict of interest that adversely affected his representation of Schreiber.

The board investigated Schreiber's complaint and learned Schreiber had been informed on two occasions of the possible conflict and in both instances Schreiber had indicated he had no problem with the situation. The board concluded, therefore, that the allegations of misconduct by Daily were unsupported and dismissed the complaint. Bastemeyer, administrator for the ethics board, notified Schreiber of the board's investigation and decision.

Subsequently, Schreiber filed a thirty-three-page petition for judicial review in the district court pursuant to Iowa Code section 17A.19 (1999). Rather than naming the board as the defendant, Schreiber sued the board's administrator, Bastemeyer. The petition, which included many documentary exhibits, contained an exhaustive recitation of the factual and procedural background of Daily's representation of Schreiber, as well as of the proceedings before the ethics board. Schreiber sought a declaratory judgment that Bastemeyer had violated his rights and that Daily had a conflict of interest when he represented Schreiber. The appellant also sought compensatory and punitive damages, as well as sanctions against Bastemeyer.

Bastemeyer's motion to dismiss was granted by the district court. For purposes of its ruling, the court assumed that the board had been named as a defendant. *See* Iowa Code § 17A.19(4) (1999) (stating the petition for judicial review must "name the *agency* as respondent" (emphasis added)). The court then concluded it had no subject matter jurisdiction because the board was not an "agency" whose actions were subject to judicial review under chapter 17A. It also ruled that Bastemeyer, as the administrator of the board, was immune from suit under Iowa Court Rule 35.22(2). Schreiber appealed.

## II. *Scope of Review.*

We review the district court's ruling for correction of errors at law. *McCormick v. Meyer,* 582 N.W.2d 141, 144 (Iowa 1998) (stating review of ruling on

motion to dismiss is for correction of legal error). Although motions to dismiss based on jurisdictional grounds may be supported by an evidentiary showing, *Hayden v. Ameristar Casino Council Bluffs, Inc.*, 641 N.W.2d 723, 724 (Iowa 2002), no evidence was offered by either party in this case, other than that incorporated in the petition. Therefore, the district court's decision must rest on legal grounds apparent from Schreiber's petition for judicial review. *See id.; Haupt v. Miller*, 514 N.W.2d 905, 907 (Iowa 1994). "A motion to dismiss is sustainable only when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claims asserted." *Haupt*, 514 N.W.2d at 911 (citation omitted).

### III. *Jurisdiction.*

■ "Subject matter jurisdiction is the authority of a court to hear and determine cases of the general class to which the proceedings belong, not merely the particular case then occupying the court's attention." *Bailey v. Batchelder*, 576 N.W.2d 334, 337 (Iowa 1998). Schreiber claims this action falls within the general class of cases that are subject to the judicial review procedures of chapter 17A. We turn, then, to the provisions of that statute.

Section 17A.19(1) permits a petition for judicial review to be filed by a person "aggrieved or adversely affected by any final *agency* action." Iowa Code § 17A.19(1) (emphasis added). An "agency" under chapter 17A includes "each board, commission, department, officer or other administrative office or unit of the state." Iowa Code § 17A.2(1). Importantly, this term does *not* include "the judicial branch or any of its components." *Id.*

Based on these statutory provisions, it appears that the determinative issue here is whether Bastemeyer is an officer of "the judicial branch or any of its components." [1] The answer to that question turns on whether the ethics board of which he is the administrator is a component of the judicial branch. We think it is.

It cannot be disputed that the Iowa Supreme Court is part of the judicial branch. *See id.* § 602.1102(1) (stating that the judicial branch consists of several parts, including the supreme court). One of the responsibilities of the court is to admit persons to the practice of law in the courts of this state. *See id.* § 602.10101. This power carries with it the obligation to "supervise the conduct of attorneys," including the imposition of discipline when appropriate. *See id.* §§ 602.1206, .10121; *accord Comm. on Prof'l Ethics & Conduct v. Bromwell*, 221 N.W.2d 777, 780 (Iowa 1974).

■ In fulfilling its supervisory duties, the supreme court has created the Iowa Supreme Court Board of Professional Ethics and Conduct to process complaints made against attorneys. *See* Iowa Ct. R. 35.2(1). Board members "are appointed commissioners of the supreme court." *Id.* The board is required to investigate complaints filed with it and "either dismiss the complaint made, or admonish or reprimand the attorney, or file and prosecute the complaint before the grievance commission." *Id.* Complaints prosecuted before the grievance commission are ultimately subjected to a hearing, and the commission may then dismiss the complaint, issue a private admonition, or recommend to the supreme court that the attorney be subjected to professional discipline, including

---

**1.** For purposes of our decision today we assume the ethics administrator is an "officer" within the meaning of the statutory definition of "agency."

suspension or revocation of the attorney's license. Iowa Ct. Rs. 35.7, .9.

■ We think the ethics board clearly qualifies as a "component" of the judicial branch. Since the legislature did not define this term, we give this word its ordinary meaning. *Miller v. Westfield Ins. Co.*, 606 N.W.2d 301, 305 (Iowa 2000). The dictionary defines the word "component" as "a constituent part." *Webster's Third New International Dictionary* 466 (unabr. ed.1993). Here, where the ethics administrator and the board he serves were established by the supreme court and assist the court in carrying out its mandate to supervise the practice of law in Iowa, there can be no doubt that both the administrator and the board are part of the judicial branch.

As noted above, components of the judicial branch are not agencies within chapter 17A and, therefore, are not subject to the judicial review provisions of that statute. Accordingly, because the named defendant in this action is a component of the judicial branch, this proceeding cannot be maintained based on the authority of chapter 17A. We turn, then, to a consideration of whether there is any viable claim against the ethics administrator apart from the procedures for judicial review.

IV. *Immunity.*

The district court, in ruling on Bastemeyer's motion to dismiss, concluded that suit could not be brought against the ethics administrator because he had immunity under Iowa Court Rule 35.22(2). That rule states:

> Members of the grievance commission, members of the board of professional ethics and conduct, *and their respective staffs* shall be immune from suit for any conduct in the course of their official duties.

Iowa Ct. R. 35.22(2) (emphasis added).

■ Bastemeyer, as a member of the ethics board's staff, is entitled to immunity from suit for his conduct in the course of his duties as administrator for the board. A review of Schreiber's lengthy and detailed petition reveals that the only involvement of Bastemeyer in the matters giving rise to Schreiber's claim for declaratory and compensatory relief is Bastemeyer's role in the processing of Schreiber's complaint with the ethics board. Because Bastemeyer is immune from suit for this conduct, the district court correctly dismissed this action.

**AFFIRMED.**