# IN THE SUPREME COURT OF IOWA

No. 17–1964

Filed April 5, 2019

**SERENA KONRARDY** and **CARRIE RIGDON**
n/k/a **CARRIE BURMEISTER,**

>Appellees,

vs.

**VINCENT ANGERER TRUST, DATED MARCH 27, 1998,** and **DEWITT BANK & TRUST COMPANY,** as Trustee of the VINCENT ANGERER TRUST, DATED MARCH 27, 1998,**

>Appellants.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Clinton County, Mark R. Lawson, Judge.

The appellants seek further review of a court appeals decision that affirmed the district court order denying their motion for summary judgment concerning the distribution of trust assets to appellees. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**

Elliott R. McDonald III of McDonald, Woodward & Carlson, P.C., Davenport, for appellants.

Harold J. DeLange II, Davenport, for appellees.

**CHRISTENSEN, Justice.**

The plaintiffs are two beneficiaries of a trust who filed an action asking the district court to resolve a dispute with the defendants concerning the valuation date of the defendant trust. The defendants filed a motion for summary judgment, arguing the plaintiffs' action was untimely and the terms of the trust clearly provided the valuation date. The district court denied this motion on both grounds, and the court of appeals affirmed the district court's denial on interlocutory appeal. For the reasons explained below, we vacate the court of appeals' decision, reverse the district court judgment, and remand to the district court for entry of summary judgment in favor of the defendants because the plaintiffs' action is untimely.

## I. Background Facts and Proceedings.

Vincent Angerer established the Vincent Angerer Trust (the trust) on March 27, 1998. The trust created equal shares for each of his five siblings. According to the terms, each share would be placed in individual trusts for his siblings and the spouse of a deceased sibling. However, when both a sibling and the sibling's spouse died, the trust instructed the trustee to distribute that trust share to the living descendants of that sibling.

Angerer died on May 30, 2010. Angerer was not married and had no direct descendants. He was survived by three siblings and one spouse of a deceased sibling. A fifth sibling, Cecelia Howard, predeceased Angerer with no surviving spouse. Howard's descendants were her daughter, Rita Goedken, and Serena Konrardy and Carrie Burmeister, the daughters of Howard's predeceased son and plaintiffs in this case. Because Howard and her spouse predeceased Angerer, their shares of the trust were immediately distributable to their descendants.

The net value of the trust's assets at the time of Angerer's death was $1,751,260.98. By the time the trustee paid Konrardy and Burmeister their distributions in October 2011, the value of the trust had significantly increased due to rapid appreciation in the value of farmland. Nevertheless, the trustee determined Konrardy's and Burmeister's shares based on the net value at the time of Angerer's death. Thus, each of them received $85,089.74 for their share, plus $1250.00 for their pro rata share of the trust income that accrued before these distributions were made. On October 19, 2011, each signed the "Waiver, Receipt and Release as to Final Distribution of Assets for a Beneficiary of the Vincent Angerer Trust" to "confirm[], approve[] and ratif[y] each and every act of the Trustee." The document also stated, "The undersigned hereby specifically waives notice [and] waives any and all accounting and production of vouchers . . . ."

On August 11, 2015—nearly four years after distribution—an attorney representing Konrardy and Burmeister sent a letter to DeWitt Bank & Trust Company concerning the distribution of the assets to Konrardy and Burmeister. The letter stated Konrardy and Burmeister "were seemingly treated differently than the remaining trust beneficiaries." It also declared, "It would appear that their proportionate and share of the trust [was] paid out on a significantly reduced basis and that they were not fully advised of the potential value of the real estate involved." The letter questioned whether the trustee fulfilled the fiduciary duty to protect Konrardy's and Burmeister's interests. Consequently, Konrardy and Burmeister requested "a full rationale of why [they] were treated differently from all other beneficiaries under the trust."

Roger Hill of DeWitt Bank & Trust Company sent a response dated August 19, explaining the distributions to Konrardy and Burmeister were based on the language of the trust directing the trustee to "immediate[ly]

pay out of any share to the descendants when both the sibling and spouse have passed away." Hill enclosed accountings for the years 2010, 2011, and 2012. The attorney for Konrardy and Burmeister acknowledged he received Hill's letter and enclosures in a letter to Hill dated September 9, again claiming Konrardy and Burmeister were treated differently.

On March 15, 2017—approximately eighteen months after the correspondence exchanged between the trustee and attorney for Konrardy and Burmeister—Konrardy and Burmeister filed a petition in equity against the trust and DeWitt Bank & Trust Company (the defendants), claiming their distributions should have been valued as of the date of distribution in October 2011 rather than the date of Angerer's death in May 2010. The defendants filed a motion for summary judgment on September 1, arguing the action was untimely because Konrardy and Burmeister failed to initiate it within one year of receiving an accounting of the trust estate and the language of the trust requires the distribution to them be based on the value of the trust's assets at the date of Angerer's death. The district court denied the motion, noting it could not "determine as a matter of law that the defendants' interpretation of the trust language is correct" and a genuine issue of material fact exists "as to whether the plaintiffs received an accounting adequately disclosing the existence of their claim." The district court also found summary judgment was unwarranted based on defendants' claim that Konrardy and Burmeister waived any action for breach of trust by executing the release and waivers when they received their distributions.

The defendants filed a motion to amend or enlarge, claiming the 2015 correspondence between Hill and Konrardy's and Burmeister's attorney constituted an accounting or report under Iowa Code section 633A.4504(1) (2017) such that the statute of limitations barred Konrardy's

and Burmeister's claims. The district court rejected this claim, noting the postdistribution accounting that took place is not the type of accounting referred to in the statute. The defendants applied for interlocutory appeal of this decision; we granted the interlocutory appeal and transferred the case to the court of appeals. The court of appeals affirmed the district court judgment. We granted the defendants' application for further review.

## II. Standard of Review.

Our standard of review of a district court ruling on a motion for summary judgment is for correction of errors at law. *Jahnke v. Deere & Co.*, 912 N.W.2d 136, 141 (Iowa 2018). "Summary judgment is proper when the moving party has shown 'there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Homan v. Branstad*, 887 N.W.2d 153, 163 (Iowa 2016)). "A fact is material when its determination might affect the outcome of a suit. A genuine issue concerning a fact exists when reasonable minds can differ as to how a factual question should be resolved." *Homan*, 887 N.W.2d at 164. We examine the facts in the light most favorable to the nonmoving party in determining whether the district court should have granted summary judgment. *Id.* at 163–64.

## III. Analysis.

On further review, the defendants argue the district court erred in denying their motion for summary judgment for two reasons. First, they argue Konrardy's and Burmeister's claims are barred by the one-year statute of limitations period under Iowa Code section 633A.4504. Second, the defendants maintain Konrardy's and Burmeister's claims fail on the merits because the language of the trust "clearly and unambiguously" requires their share of the trust to be valued as of the date of Angerer's

death rather than at the time of distribution. We address these claims as necessary.

**A. Statute of Limitations.** The defendants argue Konrardy's and Burmeister's claims are untimely under Iowa Code section 633A.4504. Before we can address this claim, we must address Konrardy's and Burmeister's argument that section 633A.4504 is inapplicable to their claims because they brought an application to correctly construe the trust rather than a breach-of-trust claim. We disagree.

"A violation by a trustee of a duty the trustee owes a beneficiary is a breach of trust." Iowa Code § 633A.4501(1). Among the duties a trustee must perform is "the duty to administer the trust in accordance with the terms of the trust." *Turner v. Iowa State Bank & Tr. Co.*, 743 N.W.2d 1, 5 (Iowa 2007). Section 633A.4502 provides beneficiaries with the remedy to request the court to "[c]ompel the trustee to perform the trustee's duties" and "[c]ompel the trustee to redress a breach of trust by payment of money or otherwise." Iowa Code § 633A.4502(1)(*a*), (*c*). Therefore, we agree with the district court that section 633A.4504 is applicable in this case because Konrardy and Burmeister are arguing the trustee breached a duty to them by claiming the trustee favored one class of beneficiaries over another in determining the valuation date.[1]

Section 633A.4504(1) states,

> Unless previously barred by adjudication, consent, or other limitation, a claim against a trustee for breach of trust is barred as to a beneficiary who has received an accounting pursuant to section 633A.4213 or other report that adequately discloses the existence of the claim, unless a proceeding to assert the claim is commenced within one year after the receipt of the accounting or report. *An accounting or*

---

[1]We look to the substance of Konrardy's and Burmeister's claim, not the label they attach, to determine its legal significance. *See Zimmer v. Vander Waal*, 780 N.W.2d 730, 732 (Iowa 2010).

> *report adequately discloses the existence of a claim if it provides sufficient information so that the beneficiary knows of the claim or reasonably should have inquired into its existence.*

*Id.* § 633A.4504(1) (emphasis added). Konrardy's and Burmeister's breach-of-trust claim is barred by the statute of limitations if the trust provided them with an accounting or report that disclosed the existence of a claim so that they knew of the claim or "reasonably should have inquired into its existence." *Id.* Notably, section 633A.4504(1) "does not inform the trustee with crystal clarity how direct and extensive the disclosure must be to satisfy the [statute]." Martin D. Begleiter, *In the Code We Trust— Some Trust Law for Iowa at Last,* 49 Drake L. Rev. 165, 275 (2001). However, it does provide enough guidance for us to determine in this case that Konrardy and Burmeister received a report adequately disclosing the existence of a claim.

An adult beneficiary "who is reasonably capable of understanding the accounting or report" is "deemed to have received an accounting or report" when the adult personally receives it. Iowa Code § 633A.4504(2)(*a*). Section 633A.4504 defines "report" as "a document including but not limited to a letter, delivered by or on behalf of the trustee to a beneficiary of the trust." *Id.* § 633A.4504(4). The letter dated August 19, 2015, which Roger Hill sent to Konrardy's and Burmeister's attorney on the defendants' behalf, constitutes a "report" under section 633A.4504 and adequately disclosed the existence of a claim.

On August 11, the attorney for Konrardy and Burmeister sent a letter to defendants to inform them that Konrardy and Burmeister had retained counsel and believed they "were seemingly treated differently than the remaining trust beneficiaries." In the letter dated August 19, Hill responded, directing Konrardy and Burmeister to "the schedule of assets as of date of death of Vincent Angerer," and confirming that "[a]ll assets

were professionally valued according [to] market value or appraisal." Hill also directed their "attention [to] the attached accountings for calendar years 2010, 2011 and 2012." Hill enclosed a valuation of the trust assets as of the date of Vincent Angerer's death and a copy of the trust accounting for the years 2010, 2011, and 2012.

Following his receipt of this letter and its enclosures, the attorney for Konrardy and Burmeister sent Hill another letter on September 9 that clearly demonstrated knowledge of the claim or an inquiry into its existence. *See id.* § 633A.4504(1). Specifically, the letter stated, "Given the early payment date for Serena Konrardy and Carrie Rigdon [Burmeister] and the ultimate shares at the time of sale of real estate, it would appear that my clients are significantly prejudiced." Further, the attorney informed the defendants, "In the absence of a clear basis upon which the heirs and my clients were treated differently; we are hereby mak[ing] formal demand for equal treatment under the actual sale price of the real estate in question." Thus, at the very latest, the statute of limitations for Konrardy's and Burmeister's claims began to run when Hill provided them with the information contained in the August 19 letter that disclosed the existence of a claim.

Because Konrardy and Burmeister failed to commence their action within one year of August 19, their claims are barred under Iowa Code section 633A.4504. The district court erred in denying the defendants' motion for summary judgment on this issue. Given our holding in favor of the defendants on this ground, we need not address the defendants' claim concerning the interpretation of the trust.

**IV. Conclusion.**

We vacate the court of appeals' decision, reverse the district court judgment, and remand to the district court for entry of summary judgment in favor of the defendants.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**

All justices concur except McDonald, J., who takes no part.