# IN THE COURT OF APPEALS OF IOWA

No. 19-0260
Filed February 19, 2020

**SHAWN SHELTON,**
        Plaintiff-Appellee,

**vs.**

**THE TRUST CREATED BY THE JOINT TRUST AGREEMENT OF LARRY E. SHELTON and KATHERINE SHELTON, MARY JOLEEN PAVELKA, ANN JETORA MUELLER f/k/a JETORA ANN MUELLER, and JAN MARIE GWINN,**
        Defendants-Appellants.
_____

Appeal from the Iowa District Court for Polk County, David May, Judge.

Defendant beneficiaries, individually and in their capacity as co-trustees of their parents' trust, appeal the district court's ruling denying their motion for summary judgment against their plaintiff brother, Shawn Shelton.  **REVERSED AND REMANDED WITH INSTRUCTIONS**

Drew J. Gentsch of Whitfield & Eddy, P.L.C., Des Moines, for appellant.

Shawn P. Shelton, Ft. Madison, pro se appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.  May, J., takes no part.

**DOYLE, Presiding Judge.**

Defendant beneficiaries, individually and in their capacity as co-trustees of their parents' trust, appeal the district court's ruling denying their motion for summary judgment against their plaintiff brother, Shawn Shelton. They contend the district court erred in denying their motion for summary judgment because Shawn's claim is time-barred and should have been dismissed. Because we agree, we reverse the district court's summary judgment ruling and remand to the district court for entry of summary judgment for the Defendants.

### I. Background Facts and Proceedings.

In 1991, Shawn Shelton was convicted of first-degree murder and sentenced to life in prison. *See Shelton v. State*, No. 08-1962, 2011 WL 441932, at *2 (Iowa Ct. App. Feb. 9, 2011). In 1999, Shawn's parents, Larry and Katherine, executed an agreement that established a joint trust as part of their estate planning. The trust identified Larry and Katherine's five children—including Shawn. The trust provided that, after Larry and Katherine's deaths, the trust's assets were to be divided into five equal shares, with all the children but Shawn receiving one-fifth of the trust's assets. The remaining one-fifth portion was to be divided in half, with fifty percent to be distributed to Shawn's child and the remaining fifty percent to be held in trust for Shawn "until he is released from prison or is no longer incarcerated." Shawn's father passed away in 2016, and his mother passed a year later on June 15, 2017.

On July 12, 2018, Shawn petitioned for declaratory judgment and accounting against his parents' trust and his three sisters, Mary Pavelka, Ann Mueller, and Jan Gwinn. Shawn acknowledged an affidavit had been filed in

district court on or about July 12, 2017, affirming an "Initial Notice to Beneficiaries of Non Court Supervised Trust" had been mailed to Shawn's three sisters. The notice letter, dated June 28, 2017, stated it was being provided to "each qualified beneficiary" of Larry and Katherine's joint trust agreement "dated October 29, 1999, in order to comply with the notice provisions of the Iowa Trust Code [section] 633A.4213" (2017). The notice reflected Shawn's sisters had previously been provided with a copy of their parents' 1999 trust agreement "and also the Second Amendment to the Trust Agreement of November 5, 2007." The notice then explained that the trust's remaining assets would be distributed to Shawn's sisters "[u]nder the above trust provisions."

The first trust amendment stated it was made October 12, 2007, and purported to amend three articles of Larry and Katherine's 1999 trust. Among other things, the amendment changed the trust's beneficiaries—removing Shawn and his son from the trust, as well as Shawn's brother. It also changed the distribution of the trust's assets from five equal shares to four shares, with two shares allocated to one sister and the other two sisters receiving one share each. The signatures of Larry and Katherine as trustees appear on the amendment, but they are difficult to make out because of the poor quality of the photocopy in our electronic record.

The second trust amendment, dated November 5, 2007, purported to be Larry and Katherine's second amendment to their trust agreement. The second amendment consists of four pages, including an affidavit. The amendment makes several changes to the prior trust and revokes altogether "the unnumbered Amendment . . . dated October 12, 2007." In the second amendment, the trust's

provisions relating to the residual beneficiaries and the distribution of the assets to them was deleted and a new paragraph was substituted. Like the first amendment, Shawn, Shawn's son, and Shawn's brother were not named as beneficiaries in the second amendment. Instead of four shares, the second amendment divided the trust assets into three equal shares, with one share each going to each one of Shawn's sisters.

In his declaratory-judgment petition, Shawn alleged the second amendment to his parents' trust was "either an outright fabrication and forgery and/or is otherwise legally ineffective and void in its attempt to name [his sisters] as beneficiaries of the Trust." Shawn requested the district court determine whether the second amendment was valid. If the court found it was valid, Shawn asked the court to determine "his status as a beneficiary," among other things.

In November 2018, Shawn's sisters, individually and in the capacity as co-trustees of their parents' trust (collectively the Defendants), moved for summary judgment asking the court to dismiss Shawn's petition with prejudice. They asserted Shawn's petition was not timely filed under Iowa Code section 633A.3108, which requires proceedings "to contest the validity of a trust . . . be brought no later than one year following the death of the settlor." Because Shawn filed his suit July 12, 2018, more than one year after his mother's death, the Defendants asked the court to enter summary judgment as a matter of law finding Shawn's filing untimely and dismissing his petition.

Shawn's argument in response was twofold. First, he argued the five-year statute of limitations in section 614.1(4) was the applicable statute of limitations, not section 633A.3108. Second, he maintained he "was not properly served with

legal notice of the same as contemplated by Iowa Rule of Civil Procedure 13 which is intended to put an incarcerated person on equal footing with other civil litigants not under the impediment of incarceration."

Following a hearing, the district court entered its ruling denying the Defendants motion for summary judgment. The court reasoned:

> The court is not convinced that *Kerber* [*v. Eischeid*, No. 15-1249, 2016 WL 1696929, *1 (Iowa Ct. App. Apr. 27, 2016) (applying section 614.1(4) in a similar case)] is "on point." In *Kerber,* the court of appeals only determined that the five-year limitation period applied to a specific tort claim, namely, an "action for breach of fiduciary duty." Here, [Shawn] has not pled any tort claims. Although [Shawn] suggests that *someone* may have engaged in "fabrication and forgery," he does not specify who.
>
> Even if *Kerber* does not govern, though, it is still not clear that section 633A.3108 does. The meaning of our statutes depends on the words chosen by the legislature. Iowa Const. art. III, § 1. According to its plain words, section 633A.3108 can only apply if [Shawn] is "contest[ing] the validity of a trust." But it is not clear that [Shawn] is contesting the "validity" of the 1999 "trust" under which he hopes to recover. Instead, it appears [Shawn] is only questioning a subsequent *amendment,* specifically, the Second Amendment. And the court sees no reason to think that, if the Second Amendment were proven to be invalid, then the entire trust would become invalid. The parties have not cited, and the court has not found, any authority suggesting it would.
>
> So, on the current record, the court cannot conclude that section 633A.3108 applies. Therefore, summary judgment cannot be granted on that basis.

The court did not address the notice issue raised by Shawn.

The Defendants then filed a notice of appeal, which the Iowa Supreme Court determined should be treated as an application for interlocutory appeal. The court granted the Defendants' application and transferred the matter to this court for disposition.

## II.  Standard of Review.

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Iowa R. Civ. P. 1.981(3).  Our review is for correction of errors at law.  *See Konrardy v. Vincent Angerer Tr., Dated March 27, 1998*, 925 N.W.2d 620, 623 (Iowa 2019).  The record is viewed in the light most favorable to the nonmoving party, granting to that party all legitimate inferences supported by the record.  *See Honomichl v. Valley View Swine, LLC*, 914 N.W.2d 223, 230 (Iowa 2018).  If the issue only pertains to the legal consequences of undisputed facts, summary judgment is appropriate.  *See id.*  "Even if facts are undisputed, summary judgment is not proper if reasonable minds could draw from them different inferences and reach different conclusions."  *Walker Shoe Store v. Howard's Hobby Shop*, 327 N.W.2d 725, 728 (Iowa 1982).

## III.  Discussion.

On appeal, the Defendants contend the district court should have found section 633A.3108 was the applicable statute of limitations and granted their motion for summary judgment.  Shawn asserts the court correctly applied section 614.1(4)'s statute of limitations because section 633A.3108 "is not applicable to the claim of interference with a bequest."  We disagree.

Iowa Code chapter 633A contains the Iowa Trust Code.  *See* Iowa Code § 633A.1101.  "As a general proposition, Iowa's 'trust code applies to all trusts within the scope of this trust code, regardless of whether the trust was created before, on, or after July 1, 2000, except as otherwise stated in [the] trust code.'"  *In*

*re Tr. No. T-1 of Trimble*, 826 N.W.2d 474, 483 n.4 (Iowa 2013) (quoting Iowa Code § 633A.1106(1)).  Under the trust code, a "trust" is defined as "an express trust, charitable or noncharitable, *with additions thereto*, wherever and however created, including a trust created or determined by a judgment or decree under which the trust is to be administered in the manner of an express trust."  Iowa Code § 633A.1102(18) (emphasis added).  Though there are some exceptions to that definition in the paragraphs that follow, none apply.  *See id.* § 633A.1102(18)(a)-(m).

It is true Shawn's petition does not make any reference to the probate court.  But that matters not.  Here, his declaratory-judgment petition asks the court to determine the validity of an amendment to a trust.  Section 633A.1102(18) includes in its definition of "trusts" any additions, however created.  Even assuming for the sake of argument the amendments were not valid, the matter would still center upon Shawn's parents' original 1999 trust agreement and the first October 2007 amendment.  Chapter 633A applies.

The period of limitation for bringing a claim is generally set by the legislature.  *See Rathje v. Mercy Hosp.*, 745 N.W.2d 443, 448 (Iowa 2008); *see also Schulte v. Wageman*, 465 N.W.2d 285, 287 (Iowa 1991).  "Statutes of limitation establish a reasonable period of time for plaintiffs to file their claims.  This limitation period essentially exists to ensure a defendant will receive timely notice of a potential claim so that the defendant will be protected from the multitude of problems that can occur when defending stale claims."  *Estate of Kuhns v. Marco*, 620 N.W.2d 488, 491 (Iowa 2000).  Stated another way, these statutes "serve to provide an adequate time for a diligent plaintiff to bring a cause of action, as well

as to punish those parties who sit on their rights." Romualdo P. Eclavea et al., 51 Am. Jur. 2d *Limitation of Actions* § 5 (2020) (internal footnotes omitted).

Section 633A.3108 of the trust code relates to limitations on the contest of revocable trusts:

> Unless previously barred by adjudication, consent, or other limitation, if notice is published or given as provided in section 633A.3110 *within one year* of the settlor's death, a proceeding to contest the validity of a revocable trust must be brought within the period specified in that notice. If notice is *not published or given within that period*, a proceeding to contest the validity of a trust must be brought *no later than one year following the death of the settlor*.

(Emphasis added.)

Here, the first sentence of section 633A.3108 only applies when "notice is published or given as provided in section 633A.3110 within one year of the settlor's death." *Id.* § 633A.3108. The Defendants do not claim to have provided notice "within one year of the settlor's death." Instead, they argue the last sentence of section 633A.3108 sets forth the applicable period, limiting the time to bring a claim to contest a trust's validity to one year. We agree.[1]

It is not disputed that the Defendants did not provide notice within the time set forth in section 633A.3108. So under section 633A.3108, Shawn had one year following his mother's death to contest the amendment he now claims is not valid. *See id.* § 633A.3108. This time frame makes sense—the passing of the settlor is

---

[1] The district court did not address the notice issue raised by Shawn, and Shawn did not file a rule 1.902(4) motion to ask the court to rule on the issue. As the prevailing party, Shawn could raise on appeal his notice claim to save the district court's ruling denying the Defendants summary judgment. *See Moyer v. City of Des Moines*, 505 N.W.2d 191, 193 (Iowa 1993) ("A successful party, without appealing, may attempt to save a judgment on appeal based on grounds urged in the district court but not considered by that court."). But for the reasons explained, his notice claim lacks merit.

generally known by the settlor's beneficiaries.  A period of one year balances the need for expedience with adequate time for a plaintiff to sue.  Although Shawn is in prison, he had a year to bring his claims after his mother died.  He did not.  As a result, his claim is barred under Iowa Code section 633A.3108.

### *IV.  Conclusion.*

Because Shawn failed to bring his action within one year of his mother's death, his claim is barred under Iowa Code section 633A.3108.  The district court erred in denying the Defendants' motion for summary judgment on this issue.  So we reverse the district court's summary judgment ruling and remand to the district court for entry of summary judgment for the Defendants.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**