# IN THE COURT OF APPEALS OF IOWA

No. 20-1054
Filed October 6, 2021

**LYLE DUMONT and HELEN DUMONT,**
Plaintiffs-Appellants,

**vs.**

**QUINCY PLACE HOLDINGS LLC, LEXINGTON REALTY INTERNATIONAL, LLC, and MICHAEL NELSON, d/b/a QPM PROPERTY MAINTENANCE & JANITORIAL,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Wapello County, Shawn Showers, Judge.

Lyle and Helen Dumont appeal the district court's grant of summary judgment for the defendants. **AFFIRMED.**

Michael O. Carpenter of Gaumer, Emanuel, Carpenter & Goldsmith, P.C., Ottumwa, for appellants.

J. Scott Bardole of Andersen & Associates, West Des Moines, for appellees.

Nicholas T. Maxwell and Michael J. Moreland of Harrison, Moreland, Webber, & Simplot, P.C., Ottumwa, for appellee Michael Nelson.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Lyle and Helen Dumont appeal the district court's grant of summary judgment for the defendants. They allege the court failed to appropriately weigh the evidence in their favor as the non-moving party. We find there is inadequate evidence in the record to generate a prima facie case for negligence. Summary judgment was appropriate. Accordingly, we affirm.

## I.      Facts & Proceedings

On March 4, 2017, Lyle and Helen Dumont arrived at Quincy Place Mall to attend a train show. The train exhibitors had been setting up in the morning before the Dumonts arrived at the mall. Lyle fell and sustained injuries as he entered the mall. The Dumonts filed a premises liability claim against Quincy Place Holdings, LLC, the owner of the Quincy Place Mall, and Michael Nelson, doing business as QPM Property Management, who was contracted to perform janitorial services at the mall.

Quincy Place and Nelson filed a joint motion for summary judgment to dismiss the Dumonts' claims. The Dumonts resisted the motion. Following hearing on the motion, the district court entered a ruling granting summary judgment in favor of the defendants. The Dumonts appeal.

## II.      Standard of Review

We review a grant of summary judgment for correction of errors at law. *Susie v. Family Health Care of Siouxland, P.L.C.*, 942 N.W.2d 333, 336 (Iowa 2020). Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Iowa R. Civ. P. 1.981(3). A fact is material when it might affect the outcome

of the claim. *Homan v. Branstad*, 887 N.W.2d 153, 164 (Iowa 2016). A genuine issue of fact exists when reasonable minds can disagree as to how the issue should be resolved. *Konrardy v. Vincent Angerer Tr., Dated Mar. 27, 1998*, 925 N.W.2d 620, 623 (Iowa 2019). "The burden is on the moving party to demonstrate the nonexistence of a material fact question." *Susie*, 942 N.W.2d at 336.

We review the record in the light most favorable to the nonmoving party, "drawing all legitimate inferences that may be drawn from the evidence in his or her favor." *Homan*, 887 N.W.2d at 164. That said, "[s]peculation is not sufficient to generate a genuine issue of fact." *Susie*, 942 N.W.2d at 336 (quoting *Hlubek v. Pelecky*, 701 N.W.2d 93, 96 (Iowa 2005)). "[T]he nonmoving party may not rest upon the mere allegations of his . . . pleading but must set forth specific facts showing the existence of a genuine issue for trial." *Banwart v. 50th St. Sports, LLC*, 910 N.W.2d 540, 546 (Iowa 2018) (citation omitted). "If the nonmoving party cannot generate a prima facie case in the summary judgment record, the moving party is entitled to judgment as a matter of law." *Susie*, 942 N.W.2d at 336-37.

## III.    Analysis

The Dumonts allege, when viewing the evidence in the light most favorable to them, sufficient facts exist to overcome summary judgment on the negligence issue. Negligence is conduct that falls below the standard of care established for the protection of others. *Butler v. Wells Fargo Fin., Inc.*, No. 19-0554, 2020 WL 4200854, at *2 (Iowa Ct. App. July 22, 2020). To establish a prima facie case for negligence, "the plaintiff must establish that the defendant owed him a duty of care, defendant breached that duty, defendant's breach was the actual and proximate

cause of plaintiff's injuries, and plaintiff suffered damages." *Walls v. Jacob N. Printing Co.*, 618 N.W.2d 282, 285 (Iowa 2000).

In examining the breach-of-duty prong for premises liability, our supreme court has adopted the Restatement (Third) of Torts, which imposes a duty of reasonable care for conditions that pose risks to entrants. *Ludman v. Davenport Assumption High Sch.*, 895 N.W.2d 902, 910 (Iowa 2017); Restatement (Third) of Torts: Phys. & Emot. Harm § 51 (Am. L. Inst. 2012). The Restatement Third notes that while the language changed, the rule is "similar to that in Restatement Second" since both require the landowner "to use reasonable care to attend to known or reasonably knowable conditions on the property." Restatement (Third) of Torts: Phys. & Emot. Harm § 51 cmt. a. Our caselaw is clear that "[l]iability is not imposed in the absence of . . . actual or constructive knowledge of a dangerous condition because this knowledge is essential to establish a breach of the duty." *Benham v. King*, 700 N.W.2d 314, 318 (Iowa 2005). Thus, there cannot be a breach of duty if the defendant has no knowledge of a danger.

Here, Lyle never saw a rug curled over until after his fall. Yet, the Dumonts allege the defendants were negligent due to a combination of sand accumulating under sixty pound rugs over the course of the winter, carts rolling train equipment across the rugs into the mall, increased foot traffic, and lighting conditions, all which contributed to the rug curling over on itself at some unspecified time and causing Lyle to fall. The Dumonts allege this combination was an ongoing dangerous condition that would have put defendants on notice. However, they offer no evidence to support their allegations. No one testified if the rug had been in a folded over condition for any particular length of time that morning such that

defendants could discover a problem with the rug. The Dumonts base this assertion on the speculation of a mall walker witness, who did not see Lyle fall. Moreover, this witness testified that he did not see sand near the rug, he did not see a cart curl the rug over, and he did not see the rug folded-over before the incident even though he had passed the area several times before Lyle's fall. Uncontroverted affidavits establish the defendants cleaned under the rugs to remove sand every night, as well as the fact that staff had inspected the area twenty minutes prior to Lyle's fall and did not see the rug folded-over. The only support the Dumonts use to impute knowledge of a dangerous condition onto the defendants is the witness's unsubstantiated hypothesis.

While we review summary judgment by granting all reasonable inferences in the Dumonts' favor, an inference is not legitimate if "based upon speculation or conjecture." *See Phillips v. Covenant*, 625 N.W.2d 714, 717 (Iowa 2001). One witness's hypothesis of how an event happened, unsupported by his own observations and the rest of the record, is mere speculation. Without this speculation, the Dumonts fail to set out any facts showing what the dangerous condition was, how long it existed, if the defendants knew or should have known of it, or even that it caused Lyle's fall.[1] Thus, there are insufficient facts to create a genuine dispute over two of the elements required for a prima facie case of negligence—breach of a duty and causation. A failure to set out a prima facie case on the summary judgment record means the defendants are entitled to judgment

---

[1] As the district court aptly noted, "there is a noticeable absence of causation evidence" in this case.

as a matter of law.  *See Susie*, 942 N.W.2d at 336-37.  The district court did not err in granting summary judgment in favor of the defendants.  We affirm.

**AFFIRMED.**